UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID SANDOVAL, RAUL CORIA, and all other similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>RIZZUTI FARMS, LTD., and JOHN R. RIZZUTI and JANE DOE RIZZUTI, a marital community,<br><br>Defendants. | NO. CV-07-3076-EFS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

In April 2009, the Court granted in part Plaintiffs' protective order request, finding that Plaintiffs' immigration information is not discoverable unless and until Plaintiffs' backpay claims survive summary judgment. (Ct. Rec. 78.) Plaintiffs now ask the Court to reconsider its ruling because allowing Defendants to inquire into Plaintiffs' immigration status would be prejudicial and unduly burdensome. (Ct. Rec. 83.) Although reconsideration is highly unusual, it is appropriate if the district court is presented with 1) newly-discovered evidence, 2) an intervening change in controlling law, or 3) evidence that its decision was manifestly unjust. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *389 Orange St. Partners v. Arnold,* 179 F.3d 656,

ORDER * 1

665 (9th Cir. 1999). After review, the Court agrees with Plaintiffs – preventing manifest injustice necessitates barring discovery into Plaintiffs' immigration status. Plaintiffs' motion is therefore granted for the reasons set forth below.

## I. Discussion

On August 31, 2007, Plaintiffs filed a class-action complaint alleging that Defendants violated several federal and state laws protecting basic worker rights. (Ct. Rec. 1.) During discovery, Defendants sought to obtain information related to Plaintiffs' immigration status. Unwilling to provide this information, Plaintiffs filed a protective order request that was granted in part; namely, the Court prohibited discovery into Plaintiffs' immigration status unless and until Plaintiffs' backpay[1] claims survived summary judgment. Plaintiffs promptly moved for reconsideration.

After reviewing Plaintiffs' reconsideration request, the Court directed the parties to file supplemental briefing on three (3) issues: 1) whether the Supreme Court's decision in *Hoffman Plastic Compounds, Inc. v. National Labor Relations Board ("Hoffman")*, 535 U.S. 137 (2002), applies here; 2) whether *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004), applies here; and 3) the relevance of the distinction between backpay and uncompensated wages. Each issue will be addressed in turn.

---

[1] "Backpay" is a type of damages award that an employee or ex-employee is entitled to when an employer unlawfully prevents that individual from working, inhibiting his ability to earn wages or benefits. Already earned wages that have not been collected are referred to as "uncompensated wages."

ORDER ~ 2

**A.    *Hoffman's* Applicability**

Washington's Little-Norris LaGuardia Act (the Act), RCW 49.32.020, is a private right of action that protects non-unionized workers engaging in labor negotiations from employer interference. In 1995, the Washington Supreme Court expressly acknowledged that the Act is patterned after and contains language similar to the National Labor Relations Act (NLRA) and therefore concluded that federal authority is persuasive when interpreting the Act. *Bravo v. The Dolsen Cos.*, 125 Wn.2d 745, 754-55 (1995). Because the Washington Supreme Court finds U.S. Supreme Court cases interpreting the NLRA relevant when analyzing the Act, so too does this Court.[2]

In 2002, the U.S. Supreme Court considered a case arising under the NLRA and concluded that the worker at issue, an undocumented alien who had never been legally authorized to work in the United States, was not eligible for backpay because permitting such a claim ran contrary to the Immigration Control and Reform Act of 1986. *Hoffman*, 535 U.S. at 151. Defendants argue that *Hoffman* applies here and authorizes discovery into Plaintiffs' immigration status because Defendants need to confirm that Plaintiffs are lawfully entitled to their claimed backpay under the Act. (Ct. Rec. 109.) Plaintiffs, however, distinguish *Hoffman* on the basis that it concerned a federal law (NLRA) with different enforcement mechanisms than the state law at issue here (the Act). (Ct. Rec. 102.)

---

[2] *See Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002) (finding that, when interpreting state law, federal courts are bound by pronouncements of the state's highest court).

ORDER * 3

After review, the Court finds that while the Act was modeled after the NLRA, making *Hoffman* informative, the Act is nevertheless distinguishable from the NLRA for three (3) reasons: first, the Act is not bound by the same constraints as the NLRA, *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 756 (1985) (discussing a state's ability to use it's police powers to protect workers); second, the Act is enforced via private causes of action whereas the NLRA is enforced primarily through the actions of the National Labor Relations Board (NLRB), *compare Krystad v. Alu*, 65 Wn.2d 827, 846 (1965), *with Hoffman,* 535 U.S. at 151; and third, the Act provides a broad range of remedies to deter employer misconduct, whereas the NLRB's discretion to provide a remedy is limited by other federal policies. The Court finds that these distinctions, coupled with the lack of any limitations based on immigration status or citizenship in the plain language of the Act, persuasive in determining that *Hoffman* is inapplicable here.

This ruling is consistent Washington's long history of providing comprehensive employment protections irrespective of immigration status. *See, e.g.*, *Drinkwitz v. Alliant Techsys., Inc.*, 140 Wn.2d 291, 300 (2000) (identifying numerous examples of when Washington has exceeded federal employment protections including requiring eight-hour workdays and creating family-leave laws); *Bravo*, 125 Wn.2d at 753 (refusing to restrict the Act's protection only to unionized employees).

**B.   *Rivera v. NIBCO, Inc.* Dicta**

In *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004), the Ninth Circuit addressed the issue of whether discovery into Plaintiffs' immigration status should be allowed in a Title VII employment discrimination case. The opinion, which included extensive dicta

ORDER ~ 4

discussing *Hoffman's* applicability in a Title VII context, distinguished Title VII cases from *Hoffman's* NLRA posture and stated that discovery into immigration status should not be allowed in the early stages of discovery because it chills immigrant-employees' ability to pursue claims against employers for mistreatment. *Id.* at 1064. Plaintiffs argue that *Rivera*'s Title VII dicta should control – or at least inform – the Court's analysis of the Act. The Court finds, however, that *Rivera*'s Title VII holding is very narrow and the unnecessary dicta contained therein is inapplicable.

**C.    Relevance of Immigration Status to Backpay Claims**

Plaintiffs assert that the distinction between backpay and uncompensated wages is irrelevant. (Ct. Rec. 102.) Defendants contend that the distinction is absolutely relevant because lawful immigration status is a condition precedent to eligibility for a backpay award, while immigration status is irrelevant when a worker is pursuing claims for uncompensated wages.

The Court finds no practical distinction between backpay and uncompensated wages. Both depend on proof of hours that were worked or would have been worked but for the employer's violative conduct. The Act permits recovery of either or both without regard to immigration status. *See, e.g.*, Letter from Susan J. Jordan, Executive Director, State of Washington Human Rights Commission (Oct. 7, 2002) (on file with recipient) (stating, after the *Hoffman* decision, that the Human Rights Commission will continue to enforce laws against discrimination without regard to the immigration status of the complainant); Statement of Gary Moore, Director, State of Washington Department of Labor and Industries

ORDER * 5

(May 21, 2002) (noting that all workers are entitled to basic employment benefits regardless of their immigration status).

**C.  Reconsideration**

In sum, the Court finds *Hoffman* inapplicable, *Rivera* unhelpful, and that no practical distinction exists for the purposes of the present issue between backpay and uncompensated wages.  Accordingly, in order to prevent manifest injustice and a chilling of Plaintiffs' private right of action under the Act, discovery regarding immigration status is barred.

## II. Conclusion

Accordingly, **IT IS HEREBY ORDERED**: Plaintiffs' Motion for Reconsideration **(Ct. Rec. 82)** is **GRANTED**.  Discovery into Plaintiffs' immigration status is barred.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ___15th___ day of July 2009.


                    S/ Edward F. Shea
                    EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2007\3076.Reconsider3.0.wpd

ORDER * 6